IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES GRANT, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION No. 19-2555 |
| ANDREW M. SAUL, Commissioner of Social Security, Defendant. | : |

# MEMORANDUM OPINION

**RICHARD A. LLORET**                                            **February 27, 2020**
**U.S. MAGISTRATE JUDGE**

      Charles Grant was denied social security benefits by the decision of an Administrative Law Judge ("ALJ"). Mr. Grant contends that the ALJ's unfavorable decision was reached in error. Doc. No. 11, at 5–10 (Plaintiff's brief).[1] Specifically, Mr. Grant argues that the ALJ erred by (1) inadequately evaluating the record medical evidence and opinions, and (2) not giving more weight to his subjective complaints. *Id.* The Commissioner of Social Security ("Commissioner") responds that the ALJ's decision was supported by substantial evidence. Doc. No. 12, at 6–18 (Defendant's brief).

      While Mr. Grant's request for review was pending,[2] the Third Circuit issued its precedential decision in *Cirko ex rel. Cirko v. Commissioner of Social Security*, 948

---

[1] Because Mr. Grant's brief does not contain internal page numbers, I have cited to the ECF-generated pagination in this memorandum opinion.

[2] Mr. Grant's counsel has characterized his brief as a "Motion for Summary Judgment" or in the alternative a "Motion for Remand." *See* Doc. No. 11, at 2. However, under the local standing procedural order for cases seeking social security review, plaintiffs' briefs are considered "Requests for Review" not "Motions for Summary Judgment." *See* Doc. No. 2 (local standing procedural order dated November 19, 2018).

F.3d 148 (3d Cir. 2020), holding that social security claimants are not required to raise Appointments Clause challenges in the administrative agency proceedings before presenting them in federal court. Therefore, because the Commissioner had conceded that the agency's administrative judges were not properly appointed prior to July 2018, the Third Circuit remanded the case back to the agency for a new hearing before a different, constitutionally appointed ALJ. 948 F.3d at 159–60.

In light of the *Cirko* decision, I directed the parties to address its applicability to this case. *See* Doc. No. 13. The parties complied, and after careful review, I find that the ALJ in Mr. Grant's case was improperly appointed under the Constitution and that I may review this claim. Therefore, this matter is remanded to the Commissioner for further proceedings in accordance with the memorandum opinion that follows.

## **PROCEDURAL HISTORY**

Mr. Grant filed a claim for supplemental security income ("SSI"), on March 7, 2016. *See* R. 78–86. He alleged disability based on disc protrusion, cervical spine sprain/strain, lumbosacral spine sprain/strain, right shoulder sprain/strain, and right elbow sprain/strain, with an onset date of October 23, 2014. *Id.* His claim was initially denied on May 26, 2016. R. 88–92. Mr. Grant subsequently requested an administrative hearing. The hearing was held on April 16, 2018, where Mr. Grant and a vocational expert, Rabia B. Rosen, testified. R. 32–76 (hearing transcript). Following the hearing, on June 26, 2018, the ALJ issued a written decision, denying Mr. Grant's claim. R. 12–31. The Appeals Council subsequently denied Mr. Grant's request for review. R. 1–5. This appeal follows.[3]

---

[3] The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c), including entry of final judgment. *See* Doc. No. 3 (Notice of Commissioner's General Consent); Doc. No. 6 (Mr. Grant's Consent Form).

# **DISCUSSION**

Less than a week before the ALJ's decision denying Mr. Grant's disability claim, the Supreme Court held, in *Lucia v. SEC*, 138 S. Ct. 2044 (2018), that the Securities and Exchange Commission ("SEC") ALJs are officers of the United States and therefore must be appointed consistent with the Appointments Clause of the Constitution. *Lucia*, 138 S. Ct. at 2051–56; *see also* U.S. Const. art. II, § 2, cl. 2.[4] As the ALJ's appointment did not comport with the Appointments Clause, the Supreme Court remanded for a new hearing before a different, constitutionally appointed ALJ. *Lucia*, 138 S. Ct. at 2055.

Even though *Lucia* was decided in the SEC context, social security claimants, in their appeals to federal court, began challenging the appointments of the ALJs that denied their disability claims. *See, e.g.*, *Perez v. Berryhill*, No. 18-1907 (E.D. Pa. Jan. 7, 2019); *Bizarre v. Berryhill*, 364 F. Supp. 3d 418 (M.D. Pa. Mar. 4, 2019); *Culclasure v. Comm'r of Soc. Sec. Admin.*, 375 F. Supp. 3d 559 (E.D. Pa. Apr. 16, 2019); *Muhammad v. Berryhll*, 381 F. Supp. 3d 462 (E.D. Pa. May 23, 2019). In these cases, the Commissioner conceded that the Social Security Administration ("SSA") ALJs were subject to the Appointments Clause but had not been properly appointed under it.[5] *See, e.g.*, *Cirko*, 948 F.3d at 152. Nevertheless, the Commissioner maintained that the

---

[4] The Appointments Clause states:

> [A]nd he shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

U.S. Const. art. II, § 2, cl. 2.

[5] To remedy the defective appointments, the then-Acting Commissioner reappointed all of the SSA ALJs on July 16, 2018. *See Cirko*, 948 F.3d at 152; Soc. Sec. Admin., EM-18003 REV2, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process—Update (effective date Aug. 6, 2018).

claimants were not entitled to relief because they had not exhausted the issue in the agency proceedings below. *See id.*

The Third Circuit disagreed. *See Cirko*, 948 F.3d at 153. Considering the nature of Appointments Clause claims, the characteristics of the SSA's administrative procedures, and the individual and governmental interests implicated, the Third Circuit concluded that social security claimants "may raise Appointments Clause challenges in federal court without having exhausted those claims before the agency." *Id.* Accordingly, because the SSA ALJs were not properly appointed under the Appointments Clause, the court remanded to the administrative agency for new hearings. *See id.* at 159–60.

Based on this decision, I ordered the parties to submit supplemental briefing on the issue of whether *Cirko* required Mr. Grant's case to be remanded for a new hearing. *See* Doc. No. 13. Mr. Grant contends that it should, pointing to the fact that the ALJ who presided over his administrative hearing was not constitutionally appointed at that time. *See* Doc. No. 15. In opposition, the Commissioner argues that remand is inappropriate because Mr. Grant waived his Appointments Clause claim by failing to raise it in his opening brief in federal court. *See* Doc. No. 17.

Arguments not raised in a party's opening brief are generally considered waived.[6] *See, e.g.*, *Barna v. Bd. of Sch. Dirs.*, 877 F.3d 136, 146 (3d Cir. 2017); *United States v.*

---

[6] While I have primarily discussed the doctrines of waiver and forfeiture in the appellate context, district courts often impose similar preservation requirements. *See, e.g.*, *Hausknecht v. John Hancock Life Insurance Company of New York*, 334 F. Supp. 3d 665, 675 n.5 (E.D. Pa. 2018) (Beetlestone, J.). Notably, the Federal Rules of Appellate Procedure and the standing procedural order applicable in this case both require each issue presented for review to be contained in the opening brief. *Compare* Fed. R. App. P. 28(a) ("The appellant's brief must contain . . . a statement of the issues presented for review . . . ."), *with* Doc. No. 2 (standing procedural order requiring plaintiff's brief to contain "labeled sections that set forth clearly and concisely each issue presented for review"). However, while it may choose to invoke waiver or forfeiture, the district court is permitted to grant a motion for summary judgment on grounds not raised by a party, provided the parties have been given notice and a reasonable time to respond. Fed. R. Civ. P. 56(f) ("After giving notice and a reasonable time to respond, the court may . . . grant the motion on grounds not raised by a party . . . ."); *see also Forrest v. Parry*, 930 F.3d 93, 110–11 (3d Cir. 2019) ("It is

*Albertson*, 645 F.3d 191, 195 (3d Cir. 2011). The preservation doctrines of waiver and forfeiture are prudential. *See Barna*, 877 F.3d at 148 (citing to *Huber v. Taylor*, 469 F.3d 67, 75 (3d Cir. 2006)). The reasons for enforcing them are simple and compelling: it makes for the orderly administration of justice, promotes finality, protects against unfair surprise, and conserves judicial resources. *See, e.g.*, *id.* at 146; *Webb v. City of Philadelphia*, 562 F.3d 256, 263 (3d Cir. 2009).

But these doctrines are not unyielding. For example, even when a litigant has failed to advance an argument in the district court and raises it for the first time on appeal, the court of appeals may exercise discretion to consider the argument. *See, e.g.*, *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 249 (3d Cir. 2013) (quoting *Singleton v. Wulff*, 428 U.S. 106, 121 (1976)); *Wright v. Corning*, 679 F.3d 101, 105 (3d Cir. 2012). Courts may consider unpreserved issues in "exceptional circumstances," such as "when the public interest requires that the issue[s] be heard or when a manifest injustice would result from the failure to consider the new issue[s]." *Barna*, 877 F.3d at 147 (alterations in original) (quoting *United States v. Anthony Dell'Auilla, Enters. & Subsidiaries*, 150 F.3d 329, 335 (3d Cir. 1998)); *see also Singleton*, 428 U.S. at 121 ("Certainly there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt, or where 'injustice might otherwise result.'" (citations omitted) (quoting *Hormel v. Helvering*, 312 U.S. 552, 557 (1941))); *Albertson*, 645 F.3d at 195 (considering the following factors when deciding whether there are extraordinary circumstances to excuse waiver: (1) "whether there is some excuse for the failure to raise the issue in the

---

well-settled that district courts may grant summary judgment *sua sponte*, so long as the losing party is given notice when summary judgment is being contemplated.").

opening brief"; (2) "how far the opposing party would be prejudiced"; and (3) whether failing to consider the argument would lead to a miscarriage of justice or undermine confidence in the judicial system" (quoting *In re Kane*, 254 F.3d 325, 331 (1st Cir. 2001))). In addition, courts are "slightly less reluctant to bar consideration of a forfeited pure question of law" and will consider it "where refusal to reach the issue would result in a miscarriage of justice or where the issue's resolution is of public importance." *Barna*, 877 F.3d at 147 (quoting *Bagot v. Ashcroft*, 398 F.3d 252, 256 (3d Cir. 2005)).

Moreover, the concerns over orderly appellate practice that undergird forfeiture and waiver rules are "plainly insufficient" to warrant disregarding a serious Appointments Clause challenge. *See Glidden Co. v. Zdanok*, 370 U.S. 530, 536 (1962). Notably, the Supreme Court considered an Appointments Clause challenge on the merits even though the appellant explicitly consented to the appointment of a special trial judge in tax court and raised an objection to the appointment for the first time in the court of appeals. *Freytag v. C.I.R.*, 501 U.S. 868, 878–79 (1991). The court of appeals understandably found that the petitioner had waived the issue by not raising it below. *Freytag v. C.I.R.*, 904 F.2d 1011, 1015 n.9 (5th Cir. 1990). The Supreme Court, however, held that "the disruption to sound appellate process entailed by entertaining objections not raised below does not always overcome . . . 'the strong interest of the federal judiciary in maintaining the constitutional plan of separation of powers.'" 501 U.S. at 879 (quoting *Glidden,* 370 U.S. at 536 (citing to *Lamar v. United States,* 241 U.S. 103, 117–18 (1916), in which an objection to an inter-circuit assignment was determined on its merits, although it had not been raised at any stage before the filing of a supplemental brief in the Supreme Court)). This precedent militates against enforcing waiver of the Appointments Clause issue in this case.

Accordingly, I find that the circumstances in this case suggest relaxing the ordinary forfeiture rule, and I exercise my discretion to do so. The issue is not fact sensitive, but purely a legal matter. There are no significant concerns about the orderly administration of justice, promotion of finality, and conservation of judicial resources. *See Barna*, 877 F.3d at 146. No final judgment has been entered. Neither the Commissioner nor the public will be prejudiced by reliance on a judgment that will be overturned if I exercise my discretion to consider the issue. Nor will judicial efficiency be frustrated by relaxing the ordinary rule that an issue is forfeited if not raised in a party's opening brief. To the contrary, overlooking the issue in the face of the opinions in *Cirko* and *Freytag* invites an appeal by the plaintiff, more wasted years, and more expenditure of judicial resources.

In terms of the stage of litigation at which the error is being considered, there is less prejudice to the Commissioner here than in *Freytag* and *Glidden*, because the issue is being addressed at the trial level. The Appointments Clause violation is conceded in this case; it was not in *Freytag* or *Glidden*. The Commissioner is asking me to withhold relief from Mr. Grant not because of some particularized prejudice to the Commissioner but because Mr. Grant's counsel did not timely raise the Appointments Clause issue in this case. Yet there is no unfair surprise about the nature or scope of this issue. *See Barna*, 877 F.3d at 146. Not only was the Commissioner given notice of the issue and the opportunity to brief it in this case, but he also has litigated the Appointments Clause issue time and again for two years, culminating in the Third Circuit's decision in *Cirko*. In this case, the Commissioner raises arguments no different in kind than those rejected by the Court in *Freytag*, in which the circumstances justifying enforcement of the

ordinary rules of waiver or forfeiture were more compelling, since petitioner there had explicitly consented to the appointment of the special trial judge.

There is also a more general concern about the public perception of fairness. Many other social security litigants have received remands based on an Appointments Clause lapse no different in kind or severity than the error in this case. There is no dispute that *Cirko* applies and would require remand, if not for Mr. Grant's failure to timely raise the issue.[7] The doctrines of waiver and forfeiture are useful and necessary, but should not be applied to deprive a litigant of rights to which he is manifestly entitled. *See Barna*, 877 F.3d at 147 (courts may consider unpreserved issues in "exceptional circumstances," such as "when the public interest requires that the issue[s] be heard or when a manifest injustice would result from the failure to consider the new issue[s]." (alterations in original) (citation and internal quotation omitted)). For all these reasons, I choose to exercise my discretion to excuse the forfeiture.

## **CONCLUSION**

Based upon the above, Mr. Grant's Request for Review is granted. Though counsel for Mr. Grant did not timely raise an objection to the ALJ's appointment, I exercise my discretion to consider the issue and resolve it on the merits. Therefore, because the ALJ was improperly appointed, the Commissioner's final decision is

---

[7] In arguing against excusing forfeiture, the Commissioner contends that the *Cirko* court "never understood [claimants such as Mr. Grant] to be implicated" by their decision. Doc. No. 17, at 3. I disagree. While the *Cirko* court never explicitly addressed the issue of claimants who failed to raise an Appointments Clause claim at the district court, neither did the court rule them out. Rather, in discussing the reach of their decision, the court limited it to the "hundreds (not hundreds of thousands) of claimants *whose cases are already pending in the district courts*." *Cirko*, 948 at 159 (emphasis added). As Mr. Grant's case was already pending in district court at the time of the decision, the *Cirko* court may have understood his claim to be included among the relevant cases, and at the very least did not exclude it.

reversed, and this matter is remanded for further proceedings before a different, constitutionally appointed ALJ.

**BY THE COURT:**


_s/Richard A. Lloret_
**RICHARD A. LLORET**
**U.S. Magistrate Judge**